Leroy **LUMPKIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–02–00782–CR, 01–02–00783–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 8, 2004.

Rehearing Overruled Feb. 6, 2004.

David W. Kiatta, Caraway & Kiatta, L.L.P., Floyd W. Freed, III, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Eric Kugler, Assistant District Attorney of Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Leroy Lumpkin, guilty of possession of cocaine, in an amount more than one gram but less than four grams, and of tampering with evidence. Having found true enhancement allegations of prior convictions for possession and delivery of a controlled substance, the jury assessed punishment for each offense at 37 years in prison. We address whether the evidence supporting the tampering-with-evidence conviction is legally insufficient to prove that appellant knew that an investigation concerning cocaine was in progress when he ingested cocaine. We reverse the tampering-with-evidence conviction and render a judgment of acquittal. We also address whether appellant's counsel failed to provide effective assistance of counsel at the punishment stage of trial by not presenting witnesses to show positive aspects of appellant's character, by presenting a totally inadequate closing argument, and by discouraging appellant from testifying. We affirm the possession-of-cocaine conviction.

## Facts

At 6:20 p.m. on January 22, 2002, a Harris County Sheriff's deputy on the narcotics task force stopped a car traveling eastbound on Interstate 10 because the car's taillight was not operating properly. As the deputy approached the car, he noticed that the driver, appellant, was "ingesting some white substance and then was consuming it down with a cup of what [he] thought at the time was liquid." When he reached the car, the deputy noticed pieces of the white substance around appellant's mouth, on appellant's shirt, and on the car's floorboard. The deputy also noticed that what he had earlier thought was a "liquid" was a cup of water and cigarette butts. The deputy then put appellant in the back of the patrol car while he field-tested some of the white pieces. The test results were positive for cocaine. The deputy returned to the patrol car to find that appellant "couldn't breathe" and, understanding this to be a sign of cocaine ingestion, called an ambulance to transport appellant to a hospital. After appellant arrived at the hospital, the deputy recovered cocaine from appellant's vomit, but did not extract additional "rocks" that were recovered from appellant's stomach, which had been pumped, because these rocks were diluted with stomach acids. A chemist in the Houston Police Department laboratory later confirmed that the recovered white substance was cocaine with a cumulative weight of 1.8 grams.

## Legal Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence was legally in-

sufficient to support his conviction for tampering with the evidence of cocaine. Appellant complains that the evidence was insufficient to show (1) that he knew that a narcotics investigation was "in progress" when he consumed the cocaine and (2) that he "altered" the cocaine.

In a legal-sufficiency review, we view the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). A person commits the offense of tampering with evidence if, "knowing that an investigation or official proceeding is *pending or in progress,* he ... *alters, destroys, or conceals* any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." Tex. Pen.Code Ann. § 37.09(a)(1) (Vernon 2003) (emphasis added). Here, the State alleged only that, knowing that an investigation was *in progress,* appellant had *altered* the cocaine, as opposed to including allegations that, knowing that an investigation was *pending,* appellant had *destroyed or concealed* the cocaine.

Appellant argues that the issue of his knowledge that an investigation was in progress is controlled by *Pannell v. State,* 7 S.W.3d 222 (Tex.App.-Dallas 1999, pet. ref'd). In *Pannell,* a police officer attempted to stop the defendant for speeding in a school zone. *Id.* at 223. After the officer turned on his lights, he noticed what he thought was a cigarette fly out of the defendant's car window and then noticed the defendant empty a baggie out of the driver-side window; the contents of the baggie looked like a "puff of smoke." *Id.* The defendant then pulled over and admitted to the officer that the baggie had

contained marijuana and that the cigarette that he had thrown out of his window was a newly-lit marijuana cigarette. *Id.* On appeal, the court determined that the officer was investigating only a speeding violation at the time that the defendant threw the marijuana out of his car window and explained that there was no evidence that an investigation in which the marijuana would serve as evidence was pending or in progress. *Id.* at 224. Therefore, the appellate court reversed the judgment and rendered a judgment of acquittal on the conviction for tampering with evidence. *Id.*

In contrast, the State argues that this case is more like *Lewis v. State,* 56 S.W.3d 617 (Tex.App.-Texarkana 2001, no pet.). Lewis was a passenger in a car that was stopped because of an improperly positioned dealer's tag. *Id.* at 618–19. After the officer had stopped the car, he noticed that Lewis was extremely nervous. *Id.* at 619. For his own safety, the officer requested that Lewis step out of the car so that the officer could inspect the car for weapons. *Id.* As Lewis got out of the car, the officer noticed a plastic bag hanging partially out of Lewis's mouth. *Id.* The officer ordered Lewis to spit the contents out of his mouth, but Lewis refused to comply and continued chewing, even though the officers sprayed him with pepper spray and attempted to remove the contents from Lewis's mouth. *Id.* The Texarkana Court of Appeals affirmed Lewis's conviction for tampering with evidence because Lewis had refused to spit out or to remove the cocaine from his mouth after having been ordered to do so. *Id.* at 625. The court distinguished the facts of *Pannell* because, in *Pannell,* the defendant had disposed of the evidence before the police were investigating him for possession of marijuana. *Id* at 625–26.

Regarding appellant's knowledge of the progress of an investigation, this case is distinguishable from both *Pannell* and *Lewis* in the manner in which the State alleged the offense. Although the statute provides alternative methods of alleging knowledge of an investigation—either that an investigation be "pending" or that it be "in progress"—appellant was charged only with knowledge that an investigation was in progress. In *Lewis*, the defendant was charged only with knowledge that an investigation was pending. *Lewis*, 56 S.W.3d at 624. In *Pannell*, the defendant was apparently charged with knowledge that an investigation was either pending or in progress. *Pannell*, 7 S.W.3d at 224. Based on our construction of the statutory language, the manner in which appellant was charged disposes of his sufficiency challenge.

■ At first blush, the terms "pending" and "in progress" appear to be synonymous. Indeed, one definition of the adjective "pending" is "remaining undecided; awaiting decision or settlement; unfinished." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1433 (2d ed.2001). However, one of the cardinal principles of statutory construction is that we generally presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *See Whitelaw v. State*, 29 S.W.3d 129, 131 (Tex.Crim.App.2000). To avoid redundancy from use of the terms "pending" and "in progress," we look to a second definition of the adjective "pending," which is "about to take place; impending." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1433 (2d ed.2001). Construing "pending" as meaning "about to take place, impending" places the Texas statute in harmony with other jurisdictions using the Model Penal Code terminology "believing that an official proceeding [or investigation] is pending or may be [or is about to be or is likely to be] instituted." MODEL PENAL CODE § 241.7; COLO.REV.STAT. ANN. § 18–8–610 (West 2003); D.C.CODE ANN. § 22–723 (2001); FLA. STAT. ANN. § 918.13 (West 2003); KY. REV.STAT. ANN. § 524.100 (Banks–Baldwin 2003); MONT.CODE ANN. § 45–7–207 (2002); OHIO REV.CODE ANN. § 2921.12 (West 2003); UTAH CODE ANN. § 76–8–510.5 (2003). Accordingly, we hold that the term "pending" in the Texas tampering-with-evidence statute means "impending, or about to take place."

Therefore, in cases like *Pannell*, in which the defendant alters, destroys, or conceals evidence to avoid an investigation that the defendant believes is about to take place because he is in possession of contraband, and in which the State prosecutes under the theory that the defendant knew that an investigation regarding the contraband was *pending*, the evidence should be found sufficient regarding the element of knowledge. Lest there be any doubt, we disagree with the decision of the Fifth Court of Appeals in *Pannell*, which did not address the meaning of the terms "pending" and "in progress."

■ Here, however, the State alleged only that appellant knew that an investigation was "in progress," not that one was "pending." The investigation that was in progress was a traffic stop. Appellant had already swallowed the cocaine before the investigation that was in progress became one concerning narcotics. Thus, we have a case in which the State elected to allege the wrong culpable mental state with which the tampering-with-evidence offense was committed. We have no choice but to hold the evidence legally insufficient to support the State's allegation, which was tracked in the jury charge. Having sustained appellant's complaint concerning insufficiency of the evidence to prove knowl-

edge that an investigation was in progress, we decline to address appellant's alternative argument that the evidence was insufficient to prove that he altered the evidence.

We sustain appellant's first point of error, and we acquit appellant in trial court cause number 900157 of tampering with evidence.

### Ineffective Assistance of Counsel

In his second point of error, appellant contends that his trial counsel was ineffective during the punishment phase by presenting a "totally inadequate" closing argument, by failing to present available character evidence about the "positive aspects" of appellant's life, and by discouraging appellant from testifying.[1] Having already found the evidence legally insufficient regarding tampering with the evidence, we address appellant's second point of error only with regard to his conviction for possession of cocaine (trial court cause number 900156).

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 54–55 (Tex.Crim. App.1986). Appellant must show "(1) that counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment and, (2) but for counsel's error, the result of the proceedings would have been different." *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.-Houston [1st Dist.] 1996, no pet.).

 Effective assistance of counsel does not mean errorless counsel. *See Say-*

lor *v. State*, 660 S.W.2d 822, 824 (Tex. Crim.App.1983). In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). It is the defendant's burden to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S.Ct. at 2065. Assertions of ineffective assistance of counsel must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App.2002). In the absence of a record of counsel's reasoning, we must generally presume that appellant's trial counsel had a plausible reason for his actions. *Thompson*, 9 S.W.3d at 814.

During the punishment phase, appellant's trial counsel made the following, brief argument in closing "I'd ask that you having found Mr. Lumpkin guilty of these offenses to give him a chance to have a life. Sentence him to 25 years." Neither the State nor appellant presented any witness testimony during the punishment phase. All that was presented in the way of evidence at the punishment stage was a stipulation of appellant's prior convictions. Appellant had previously been convicted once of possession of marijuana (misdemeanor), once of reckless conduct (misdemeanor), once of delivery of a controlled substance (felony), three times of possession of a controlled substance (felonies), and once of evading detention (misdemeanor). At the motion-for-new-trial hearing, both appellant's common-law wife and appellant's sis-

---

1. Appellant argues on appeal that his trial counsel was ineffective by discouraging him from testifying at the punishment phase. Although appellant did not make this argument in his written motion for new trial, appellant

testified during the hearing on his motion for new trial that he had wished to testify during the punishment phase, but that trial counsel had discouraged him.

ter claimed that they would have testified at the punishment phase that appellant had a job and a family and was "doing good." Appellant testified that he had told his trial counsel that he wanted to testify during the punishment phase, but was told by trial counsel that it would "do him no good." Appellant's trial counsel did not testify at the motion-for-new-trial hearing.

■ Appellant first argues that trial counsel was ineffective by presenting a "totally inadequate" closing argument during the punishment phase. Neither appellant's trial counsel nor any other attorney testified at the hearing on the motion for new trial. Further, the record is silent as to counsel's tactics or strategy concerning his closing argument. *See Duckworth v. State,* 89 S.W.3d 747, 752 (Tex.App.-Dallas 2002, no pet.). To find that appellant's trial counsel was ineffective would thus call for speculation, which we will not do. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim.App.1994); *Gamble,* 916 S.W.2d at 93.

■ Appellant next argues that trial counsel was ineffective for failing to call appellant's common-law wife and sister to testify during the punishment phase about his job, family, and good character. Again, the record is silent as to counsel's tactics or strategy during the punishment phase of trial. Neither side called any witnesses during the punishment phase, but some evidence of appellant's family and living arrangements had been presented though his common-law wife's testimony during the guilt-innocence phase. We will not speculate about the reasons that appellant's trial counsel did not call these witnesses to testify at the punishment stage. *See Gamble,* 916 S.W.2d at 93. Even if appellant's counsel was ineffective for failing to call appellant's common-law wife or sister, appellant has not shown that these witnesses' testimony would have

benefitted him. *See Kizzee v. State,* 788 S.W.2d 413, 416 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (holding that defendant may base ineffective-assistance claim on failure to present witnesses only if defendant can show that witnesses were available and that their testimony would have benefitted defendant).

■ Finally, appellant argues that trial counsel was ineffective for discouraging him from testifying during the punishment phase. However, appellant did not state what the substance of his testimony would have been. Therefore, we are unable to determine whether this testimony would have benefitted him. *See id.*

Moreover, we must look at the "totality of the representation" afforded by appellant's trial counsel during both the guilt-innocence phase and punishment phase, rather than focusing only on trial counsel's actions during the punishment phase or viewing the punishment phase as a "separate and independent proceeding." *See Foster v. State,* 652 S.W.2d 474, 478 (Tex. App.-Houston [1st Dist.] 1983), *aff'd,* 693 S.W.2d 412 (Tex.Crim.App.1985). The record shows that appellant received reasonably effective assistance of counsel throughout the guilt-innocence phase and that appellant, who had four prior felony convictions and three prior misdemeanor convictions, was assessed only 37 years in a range of punishment from 25 to 99 years or life. Therefore, appellant has not shown that trial counsel's assistance was ineffective or that the result of the proceedings would have been different without the alleged errors. *See Gamble,* 916 S.W.2d at 93.

We hold that appellant has not shown that his trial counsel provided ineffective assistance or that, but for ineffective representation by counsel, the result of the proceedings would have been different.

Accordingly, we overrule appellant's second point of error.

## Conclusion

We reverse the judgment of the trial court and render judgment acquitting appellant of the offense of tampering with evidence in trial court cause number 900157 (our cause number 01–02–00783–CR). We affirm the judgment of the trial court convicting appellant of possession of cocaine in trial court cause number 900156 (our cause number 01–02–00782–CR).