Opinion issued June 23, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00937-CR




MALCOLM BRYANT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 974363




MEMORANDUM OPINIONAppellant, Malcolm Bryant, pleaded not guilty to the felony offense of burglary
of a habitation. The jury found him guilty and found that he used or exhibited a
deadly weapon, namely, a knife, during the burglary. The jury assessed punishment
at 30 years in prison. Appellant’s sole point of error on appeal is that he received
ineffective assistance of counsel. We affirm.
BACKGROUND
          Jennifer Can, the complainant, testified that she and appellant lived together
as common-law husband and wife until she told him to move out in October 2003. 
Can testified that, on November 25, 2003, appellant broke into her home through her
bedroom window at approximately 3:00 a.m., kicked and beat her, and used a butcher
knife from her kitchen to stab her in the back as she was trying to unlock her front
door to escape. 
          After appellant’s conviction, the trial court appointed new counsel. His new
counsel filed a motion for new trial claiming appellant’s trial counsel was ineffective. 
Appellant’s mother was the only witness at the hearing on that motion. DISCUSSION
          In one point of error, appellant claims that his attorney at trial provided
ineffective assistance of counsel because he “failed to present a defense . . . despite
his promise to the jury during [his] opening statement that he would provide evidence
of self-defense.” 
          Contrary to appellant’s assertions, the record shows that his trial counsel told
the jury that he would present evidence of accident and not evidence of self-defense. 
Appellant asserts in his brief that his trial counsel did not present an “alternative
version of [the] events.” That assertion is without merit. The record also shows that,
throughout the trial, his trial counsel aggressively promoted a theory of accident as
an “alternative version of [the] events.” In his argument on this point of error,
appellant also contends that his trial counsel did not offer into evidence documents
regarding appellant’s “mental illness or mental incapacity.” We cannot consider this
argument on appeal because the mental health documents appellant contends should
have been offered into evidence at trial were not offered into evidence at the motion
for new trial and are not part of the record before us. Appellant also argues that his
trial counsel did not interview or call several unidentified witnesses. We also do not
consider this argument because there is no evidence to show that these unnamed
witnesses were available at the time of trial or that their testimony would have
benefitted appellant. See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983);
see also Lumpkin v. State, 129 S.W.3d 659, 665 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d).
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). “Under Strickland, the defendant must prove, by a preponderance of
the evidence, that there is, in fact, no plausible professional reason for a specific act
or omission.” Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Our
review of appellant’s trial counsel’s performance must be highly deferential. 
Strickland, 466 U.S. at 690, 104 S. Ct. at 2065. We determine the reasonableness of
counsel’s challenged conduct in context and view it as of the time of counsel’s
conduct. Id. We are to assume a strategic motive if any can be imagined and find
counsel’s performance deficient only if the conduct was so outrageous that no
competent attorney would have engaged in it. Bone, 77 S.W.3d at 833 n.13. The
policy behind this assumption is that “[i]ntensive scrutiny of counsel and rigid
requirements for acceptable assistance could dampen the ardor and impair the
independence of defense counsel, discourage the acceptance of assigned cases, and
undermine the trust between attorney and client.” Strickland, 466 U.S. at 690, 104
S. Ct. at 2066. 
          Appellant has not overcome the strong presumption that his counsel’s conduct
falls within a wide range of reasonable professional assistance and might be
considered sound trial strategy. See Bone, 77 S.W.3d at 836. To find that appellant’s
counsel was ineffective based on the stated grounds would call for speculation, in
which we will not engage. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); see also Lumpkin, 129 S.W.3d at 665.
          We overrule appellant’s sole point of error.
                                                     CONCLUSION
      We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.

Do Not Publish. Tex. R. App. P. 47.2(b).