Opinion issued July 14, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00458-CR




TORREANO SHAWN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 892957




MEMORANDUM OPINION
          Appellant, Torreano Shawn Smith, pleaded guilty, with an agreed punishment
recommendation, to an indictment charging aggravated assault with a deadly weapon. 
See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2004-2005). The trial court
deferred adjudication of guilt and placed appellant on community supervision for five
years.
          The State later filed a motion to adjudicate guilt, alleging that appellant had
violated the terms and conditions of community supervision by, among other things,
assaulting his wife. Appellant pleaded not true to the allegations. The trial court
found the assault allegation to be true, adjudicated appellant guilty of aggravated
assault with a deadly weapon, and assessed appellant’s punishment at three years in
prison. 
          In considering appellant’s sole issue, we determine whether trial counsel
rendered ineffective assistance during the punishment phase of the adjudication
hearing by (1) failing to present mitigating evidence, except for a brief statement by
appellant, and (2) demonstrating inadequate knowledge of the law in requesting that
appellant’s community supervision be modified from deferred–adjudication
community supervision to “straight” community supervision, when appellant was not
eligible for the latter. We overrule the appellant’s sole issue and affirm the trial
court’s judgment.
 Standard of Review
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial). Appellant must show
both that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel’s error or omission, the result of the proceedings
would have been different, i.e., the error or omission is sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. 
Effective assistance of counsel does not mean errorless counsel. See Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A “[d]efendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy.” Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We normally will
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case where the record on direct appeal is sufficient to prove that counsel’s
performance was deficient, an appellate court should obviously address the claim
. . . .” Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
Failure to Present Mitigating Evidence
          Appellant first argues that his counsel was ineffective for presenting only his
short statement without any mitigating evidence during the punishment phase of
adjudication.


 See Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001)
(indicating that defendant may appeal ineffective assistance of counsel at punishment
phase of adjudication proceeding). Appellant asserts that there were witnesses
available—specifically, his brother, sister, and wife—who would have testified
favorably in mitigation. Although these witnesses had already testified at the
adjudication portion of the hearing, as had appellant, the record is silent as to whether
they were still available for the punishment portion and whether, if they were still
available, they would have provided punishment testimony favorable to appellant. 
Similarly, the record does not show whether counsel investigated mitigation issues,
whether he considered the testimony that appellant now claims that these witnesses
could have provided, and, if so, whether counsel had reasons for not calling them to
testify again. Indeed, what the record does show is that, at the close of the earlier
adjudication phase, the trial court had expressly stated that a police officer’s
testimony was “the only credible testimony that I have heard” and thus indicated that
the court had found the initial testimony of appellant’s family not to be credible.
          We decline to hold that counsel was deficient when nothing shows whether the
witnesses were still available to testify at punishment; to what, if anything, they
would have testified; whether counsel investigated possible mitigating evidence; or
what counsel’s reasons were for not presenting mitigating evidence, especially given
the trial court’s just having expressed its disbelief of appellant’s family members’
testimony at the adjudication phase. See Lumpkin v. State, 129 S.W.3d 659, 665
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (refusing to speculate as to reasons
that trial counsel did not call witnesses to testify at punishment stage, when nothing
showed counsel’s strategy or that witnesses would have presented beneficial
testimony).



          Accordingly, we hold that appellant has failed to overcome the presumption
that, under the circumstances, counsel’s failure to present mitigating evidence at the
punishment phase might have been sound trial strategy. See Gamble, 916 S.W.2d at
93. This case simply does not present one of those “rare” situations in which a record
that is silent on counsel’s strategy nonetheless sufficiently proves deficient
performance. See Robinson, 16 S.W.3d at 813 n.7.
          Moreover, even if the record showed that counsel was deficient, nothing shows
the required prejudice. First, the trial court expressly stated that it was taking into
account, for purposes of punishment, the fact that appellant had attended anger-management and domestic-violence classes. Second, counsel asked the court to
assess the minimum punishment, and the court assessed three years out of a range of
two to 20 years.


 See Tex. Pen. Code Ann. §§ 12.33(a), 22.02(a)(2) (Vernon 2003
& Supp. 2004-2005).Inadequate Knowledge of the Law
          Appellant also argues that trial counsel demonstrated inadequate knowledge
of the law when he requested that the court modify appellant’s community
supervision from deferred–adjudication community supervision to regular community
supervision, when appellant was not eligible for the latter. Nothing in the record
indicates that the there is a reasonable probability that, but for counsel’s alleged error,
the result of the proceedings would have been different. After counsel’s complained-of request, the trial court reminded counsel that “deferred is the only type of probation
the Court can give,” and counsel then asked for the minimum punishment. The trial
court then gave a three-year sentence when the punishment range was two to 20
years. See Tex. Pen. Code Ann. §§ 12.33(a), 22.02(a)(2). There is no indication that
the cited error had any effect at all.
 
Conclusion
We overrule appellant’s sole issue.
We affirm the judgment of the trial court.
 

                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).