Opinion issued January 11, 2007


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00852-CR






LARRY DOUGLAS HENRY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 977690






MEMORANDUM OPINION


 On July 27, 2004, appellant, Larry Douglas Henry, pled no contest to second-degree aggravated assault with a deadly weapon. The trial court deferred finding him
guilty and placed appellant on five years of community supervision, assessed a fine
of $500, and required him to perform 240 hours of community service. On November
8, 2004, the State moved to adjudicate appellant's guilt. The trial court found
appellant guilty and sentenced him to 10 years in prison. In one point of error,
appellant argues that he received ineffective assistance of counsel. 

 We affirm.

Background


 On November 4, 2004, the State filed a motion to adjudicate appellant's guilt
because appellant was alleged to have committed intoxication manslaughter. (1) The
State also alleged violations of his community supervision terms. On August 30,
2005, the trial court held a hearing on the State's motion to adjudicate guilt. 

 At the hearing on the State's motion to adjudicate appellant's guilt, the State
told the trial court that appellant would plead true to the "allegations to report because
he missed his first report date. He'll be pleading true to the allegation regarding not
submitting job activity to the probation officer." Appellant's defense counsel stated
that "[h]e'll plead true also to the allegations of being behind in community service." 
After the trial court found the allegations in the motion to adjudicate true, he
proceeded to punishment. The State re-offered "everything from the jury trial and
what was presented in this hearing." As to punishment evidence, appellant's defense
counsel initially stated, "Nothing to add. We've made our argument," but then stated,
"We'd ask since the Court found [appellant] guilty of aggravated assault, the Court
enter a sentence of two years minimum and to run it concurrent, which was imposed
by the jury in its verdict." The trial court then assessed appellant's punishment at 10
years in prison. 

Ineffective Assistance of Counsel


 In his sole point of error, appellant argues that he received ineffective
assistance of counsel during the punishment phase after he was adjudicated guilty of
aggravated assault. Specifically, appellant argues that his defense counsel was
deficient for failing to offer mitigation evidence on punishment. 

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Strickland requires a two-step analysis whereby appellant must show
that (1) counsel's performance fell below an objective standard of reasonableness and
(2) but for counsel's unprofessional error, there is a reasonable probability that the
result of the proceedings would have been different. Id. at 687, 104 S. Ct. at 2064;
Vasquez v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992). Strickland defines
reasonable probability as a "probability sufficient to undermine confidence in the
outcome." 466 U.S. at 694, 104 S. Ct. at 2068. It is appellant's burden to prove
ineffective assistance and he must overcome the strong presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 
A reviewing court determines the reasonableness of counsel's challenged conduct in
context and views it as of the time of counsel's conduct. Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). In reviewing counsel's performance, we
look to the totality of the representation to determine the effectiveness of counsel,
indulging a strong presumption that his performance falls within the wide range of
reasonable professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). A claim of ineffective assistance must be firmly
supported in the record. Id.

 Here, appellant argues that his defense counsel failed to present mitigation
evidence during punishment, such as calling character witnesses on appellant's
behalf. Appellant acknowledges that he has to show that witnesses were available to
testify, that their testimony would have benefitted him, and that he provided this
information to his attorney. Appellant argues that he satisfied his burden because his
defense counsel represented him during the trial of his intoxication manslaughter
conviction which had been held a week prior to the motion to adjudicate appellant's
guilt. Appellant states that, during his intoxication manslaughter trial, two witnesses,
appellant's sister and appellant's mother, both testified during the punishment phase
of trial. Appellant thus argues that appellant's defense counsel knew of witnesses
who would testify on his behalf and that they would have been available to give
mitigating testimony during punishment of his aggravated assault conviction. 
Appellant also submits that his brother would have testified that appellant had
attention deficit disorder since age three and that this evidence would have benefitted
appellant during punishment. Appellant argues that we should conclude that defense
counsel had no reasonable trial strategy in not presenting mitigating evidence. 

 Counsel is ineffective when he fails to seek out, investigate, and interview
available witnesses during the punishment phase. Milburn v. State, 15 S.W.3d 267,
270 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). A criminal defense lawyer
has the responsibility to conduct a legal and factual investigation and to seek out and
interview potential witnesses. Rodd v. State, 886 S.W.2d 381, 384 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). An appellant who complains about trial
counsel's failure to call witnesses must show that the witnesses were available and
that he would have benefitted from their testimony. King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983); Rodd, 886 S.W.2d at 384. The decision to call a witness is
generally a matter of trial strategy. Rodd, 886 S.W.2d at 384. An attorney's decision
not to present particular witnesses at the punishment stage may be a strategically
sound decision if the attorney bases it on a determination that the testimony of the
witnesses may be harmful, rather than helpful, to the defendant. See Weisinger v.
State, 775 S.W.2d 424, 427 (Tex. App.--Houston [14th Dist.] 1989, pet. ref'd)
(holding that it is trial counsel's prerogative, as a matter of trial strategy to decide
which witnesses to call). 

 Here, appellant filed no motion for new trial. Without an adequate record of
why defense counsel chose not to present character witnesses, we cannot determine
that appellant received deficient representation. We will not speculate as to why
appellant's defense counsel did not present any mitigating evidence. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (appellate court will not
speculate as to reasons for questioned actions or omissions of counsel to overcome
strong presumption that counsel made trial decisions in exercise of reasonable
professional judgment). Moreover, the record does not reflect whether the witnesses
were available and willing to testify. See Lumpkin v. State, 129 S.W.3d 659, 665
(Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (refusing to speculate as to reasons
that trial counsel did not call witnesses to testify at punishment stage, when nothing
showed counsel's strategy or that witnesses would have presented beneficial
testimony). Accordingly, we conclude that appellant has not overcome his burden of
showing that his defense counsel's performance fell below the standards of
professional norms.

 We overrule appellant's sole point of error.


Conclusion


 We affirm the judgment of the trial court.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant's intoxication manslaughter conviction was appealed to this court in
appellate cause number 01-05-00845-CR. On January 11, 2007, we reversed
appellant's conviction and remanded to the trial court.