Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00182-CR 

                                                    __________

 

                                   JERRY DON BARROW, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 318th District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CR-31,412

 



 

                                                                   O
P I N I O N

 

The
jury convicted Jerry Don Barrow of tampering with physical evidence and
assessed his punishment at five years confinement.  In two issues, he contends
that the evidence was legally and factually insufficient and that his counsel
was ineffective for not requesting a proper jury instruction on illegally
obtained evidence.  We affirm.








Midland
Police Officer Chris Lummus was performing surveillance on King=s Sandwich Shop in Midland
because of suspected drug activity when he saw two males engaged in apparent
drug trafficking.  A vehicle approached the shop, and one of the males squeezed
between the driver=s
door and the driver.  After what appeared to be a drug transaction, the two
went back to the shop and the vehicle drove away.  Officer Lummus decided to
follow the vehicle.  When the driver failed to stop properly at an
intersection, Officer Lummus initiated a traffic stop.

Officer
Lummus identified the driver as Barrow.  When Officer Lummus approached the
vehicle, he saw white specks on Barrow=s
left arm and on his steering wheel.  He thought these might be crack cocaine,
and he asked Barrow to exit the vehicle.  He suspected that Barrow had
something in his mouth because he would not open his mouth fully and because of
the way in which he spoke.  Officer Lummus asked Barrow to open his mouth,
which Barrow did momentarily.  Officer Lummus observed a white rock-like object
that appeared to be crack cocaine.  Officer Lummus asked Barrow to spit it
out.  Barrow initially refused to do so.  When Barrow eventually opened his
mouth, there was no foreign object present.  Officer Lummus believed Barrow had
swallowed the object, and he placed him under arrest.

Barrow
filed a pretrial motion to suppress.  Barrow contended that he was unlawfully
detained and asked the trial court to suppress any evidence obtained in
connection with his detention.  Barrow=s
motion was supported by his affidavit in which he stated that he was never
presented with a warrant or advised of his rights and that he would have
invoked his right to remain silent had he known of his right to do so.  The
trial court also received an affidavit from Officer Lummus describing his
surveillance of the shop and Barrow=s
arrest.  The trial court denied the motion to suppress, and the jury ultimately
found Barrow guilty of tampering with physical evidence.

Barrow
complains that his trial counsel was ineffective for failing to request a jury
instruction pursuant to Article 38.23.[1]  When the
trial court determines that evidence was obtained illegally, it must exclude
that evidence from the jury=s
consideration.   Atkinson v. State, 923 S.W.2d 21, 23 (Tex. Crim. App.
1996).  However, if there are disputed fact questions concerning the legality
of a seizure, Article 38.23 requires the trial court to instruct the jury:

[I]f [it] believes,
or has a reasonable doubt, that the evidence was obtained in violation of . . .
any provisions of the Constitution or laws of the State of Texas, or the
Constitution or laws of the United States of America, . . . then and in such
event, the jury shall disregard any such evidence so obtained.@  

 

Id.; see
Reynolds v. State, 848 S.W.2d 148 (Tex. Crim. App. 1993).








In
order to determine whether Barrow=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Barrow must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State,
813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991).

Barrow
does not challenge the legality of the traffic stop by point of error.[2] 
Nor does Barrow identify what evidence the jury would have disregarded had it
received an Article 38.23 instruction.  Presumably, Barrow believes that a
properly instructed jury would have determined that he was illegally stopped
and disregarded the State=s
entire case.  However, Barrow has failed to identify a fact question that would
have justified an instruction.  Officer Lummus testified that he stopped Barrow
after observing him commit a traffic violation.[3] 
Barrow never disputed Officer Lummus=s
statement that he failed to properly stop at an intersection.[4] 
Barrow points to several instances in which trial counsel objected to the
legality of the stop, but this is not the same as presenting conflicting
evidence.  The jury was presented with undisputed evidence that Officer Lummus
stopped Barrow after observing him commit a traffic violation.








Because
Officer Lummus properly stopped Barrow, the subsequent search was proper.  In Williams
v. State, 726 S.W.2d 99, 100-01 (Tex. Crim. App. 1986), the court held that
police may conduct a search incident to an arrest following a traffic stop. 
They may order passengers to exit their car pending completion of the stop, see
Maryland v. Wilson, 519 U.S. 408, 415 (1997), as well as search the person
of the individual being arrested.  See McGee v. State, 105 S.W.3d 609,
615 (Tex. Crim. App. 2003).  Officer Lummus=s
observation of the rock-like substance in Barrow=s
mouth after stopping him for a traffic offense falls within the scope of a
valid search incident to an arrest.  Barrow has failed to establish that he was
entitled to an Article 38.23 instruction; therefore, we cannot conclude that
his trial counsel was ineffective for not requesting one.  Barrow=s second issue is
overruled.

Barrow
contends in his first issue that the evidence is legally and factually
insufficient to support his conviction.  In order to determine if the evidence
is legally sufficient, the appellate court  reviews all of the evidence in the
light most favorable to the verdict and determines whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the verdict
is so weak that the verdict is clearly wrong and manifestly unjust or whether
the verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.








We
review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain, 958 S.W.2d at 407; Clewis, 922 S.W.2d at
133.  Due deference must be given to the fact-finder=s determination, particularly concerning the
weight and credibility of the evidence.  Johnson, 23 S.W.3d 1; Jones
v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996). The jury, as the finder of
fact, is the sole judge of the weight and credibility of the witnesses= testimony.  Tex. Code
Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  This court has the authority to
disagree with the fact-finder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

Tampering
with physical evidence occurs when:

(a) 
A person . . . knowing that an investigation or official proceeding is pending
or in progress, he:

 

(1)
alters, destroys, or conceals any record, document, or thing with intent to
impair its verity, legibility, or availability as evidence in the investigation
or official proceeding; or

 

(2)
makes, presents, or uses any record, document, or thing with knowledge of its
falsity and with intent to affect the course or outcome of the investigation or
official proceeding.

 

Tex. Penal Code Ann. ' 37.09(a) (Vernon Supp.
2007).  Barrow argues that the evidence is insufficient because there was no
evidence that he knew he was being investigated for possession of a controlled
substance.  He concedes knowing that he was being stopped for a traffic
offense, but argues that there is a distinction between a traffic stop and a
narcotics investigation and contends that the State was required to prove that
he was aware of a narcotics investigation before he could be found guilty of
tampering by concealing or destroying suspected narcotics.

Barrow
relies upon Lumpkin v. State, 129 S.W.3d 659 (Tex. App.CHouston [1st Dist.] 2004,
pet. ref=d).  There,
the court held that the evidence was insufficient to sustain a conviction for
tampering when the defendant swallowed cocaine after being pulled over for
speeding.  The court noted that Section 37.09(a) provided alternative methods
for alleging knowledge of an investigation B
either that it be Apending@ or Ain progress.@ 
Lumpkin, 129 S.W.3d at 663.  To distinguish between them, the court held
that Apending@ means Aabout to take place;
impending.@  Id.
(citing Random House Webster=s Unabridged Dictionary 1433 (2d ed.
2001)).  The court noted that the indictment alleged only that an investigation
was in progress.  Because the only investigation in progress when the defendant
swallowed the cocaine was the traffic stop, the court held that the evidence
was insufficient.  Id.  The clear import of the court=s opinion, however, is
that, if the indictment had alleged that the investigation was Apending,@ then the evidence would
have been sufficient.  








In
this case, Barrow=s
indictment charged that an investigation was Apending@ as well as was Ain progress.@  This means that the State
was not required to prove that a narcotics investigation had commenced but
could show that one was impending.  Officer Lummus=s video confirms that he questioned Barrow
about the transaction at the shop and that he told Barrow that he believed
someone was trying to sell Barrow something.  Barrow denied knowing who
approached his car at the shop but did admit that this unknown individual tried
to sell him dope.  This is sufficient to establish that, at a minimum, a
narcotics investigation was impending.  

Moreover,
Barrow swallowed the rock-like substance after being questioned about it
by Officer Lummus and after being instructed to spit it out.  Other
courts have found similar evidence sufficient to support a tampering
conviction.  See, e.g., Lewis v. State, 56 S.W.3d 617, 625
(Tex. App.CTexarkana
2001, no pet.) (affirming tampering conviction based upon evidence that
defendant B who was
initially stopped for traffic offense B
swallowed cocaine after being ordered to spit it out).

Viewing
all of the evidence in the light most favorable to the verdict, we find that a
rational juror could have concluded beyond a reasonable doubt that Barrow was
guilty of tampering.  When the evidence is viewed in a neutral light, the jury=s verdict is not clearly
wrong, manifestly unjust or against the great weight and preponderance of the
conflicting evidence.  Barrow=s
first issue is overruled.  Watson, 204 S.W.3d at 414-15; Johnson,
23 S.W.3d at 10-11.

The
judgment of the trial court is affirmed.

                                                                              

 

RICK STRANGE

JUSTICE

 

December 20,
2007

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon 2005).





     [2]Barrow
characterizes the traffic stop as illegal and reminds us of his motion to
suppress and his objection to Officer Lummus=s
trial testimony, but he did not assign a point of error to the trial court=s denial of his motion to suppress or its rulings on
his evidentiary objections.





     [3]Tex. Transp. Code Ann. ' 544.010(c) (Vernon 1999) requires drivers approaching
a stop sign to: 

 

[S]top
before entering the crosswalk on the near side of the intersection.  In the
absence of a crosswalk, the operator shall stop at a clearly marked stop line. 
In the absence of a stop line, the operator shall stop at the place nearest the
intersecting roadway where the operator has a view of approaching traffic on
the intersecting roadway.





     [4]Barrow stated in his
affidavit:

 

On December 3, 2005, the traffic stop in this matter
was conducted without a search warrant.  Officer Lummus never indicated that he
possessed a warrant to search the vehicle, such person or to arrest me.  He
also never advised me of my right to remain silent, have an attorney present
during any questioning or to have an attorney appointed if I could not afford
one.  Had I known my rights, I would have asserted them and chosen to speak
with an attorney before providing the police with any information that could or
could not have implicated me.

 

If I had been given an attorney, I would have known not
to give any statements.

 

Barrow did not testify during the guilt/innocence phase
of the trial.