**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0472n.06

Case No. 18-5721

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| PAUL HILL, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

**FILED**
Sep 10, 2019
DEBORAH S. HUNT, Clerk

BEFORE: SUTTON, COOK, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. After serving a long term of imprisonment for being a felon in possession of a firearm (and being an armed career criminal to boot), Paul Hill began his three-year term of supervised release. But after about a year, the district court found that he violated his conditions of release by: (1) committing a crime, (2) associating with a known felon, and (3) testing positive for drugs. Hill conceded that he associated with a felon and tested positive for drugs but maintained that he did not commit the crime of tampering with evidence.

Hill now argues that the district court abused its discretion when it found, by a preponderance of the evidence, that he tampered with evidence. *See United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005). On appeal, Hill also claims the district court plainly erred when it declined to reconsider his armed career criminal status sua sponte. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

*Tampering with evidence*. While on supervised release, Hill welcomed a known felon into his hotel room. The visitor overdosed on drugs while Hill was out of the room. When Hill returned, he discovered the man slumped over in a chair. Understandably, Hill panicked. He scrambled to remove drug paraphernalia from the scene by flushing a syringe and cotton ball down the toilet and washing a spoon. At his supervised release revocation hearing, Hill admitted that he did this because he "freaked out" and understood the situation meant trouble for his supervised release. R. 81, Pg. ID 200. He said: "I mean, I'm on supervised release. There is drug paraphernalia in my room." *Id.* "If I'm caught with that in my room, yeah, I'm going to get violated." *Id.* at 208.

Hill was accused of altering or destroying evidence "knowing that an investigation or official proceeding" was "pending or in progress." Tenn. Code Ann. § 39-16-503(a). "Pending" here means "impending," or "'about to take place,'" since it must have a different meaning than "in progress." *State v. Smith*, 436 S.W.3d 751, 763 (Tenn. 2014) (quoting *Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. Ct. App. 2004)). And a hearing need not be on the schedule to be impending. Indeed, a defendant can tamper with evidence before authorities even uncover the crime. *Id.* at 763 n.5 (collecting cases).

So did the district court abuse its discretion when it found by a preponderance of the evidence that Hill tampered with evidence? No. The district court based its decision on Hill's admission that he destroyed the evidence to avoid supervised release consequences. That is enough. Hill admitted he destroyed some materials (the cotton ball and the syringe) and altered another (the spoon). And he did so knowing that an official proceeding about his supervised release (the revocation hearing) would soon follow, since he had separately violated the condition

of associating with a known felon. Indeed, Hill admitted he destroyed the evidence precisely to avoid the consequences of that proceeding. Thus, Hill's actions fit within the statutory elements.

Hill argues that no "investigation or official proceeding" existed here because a probation *investigation* is not an official proceeding. But that is inapposite. The revocation *hearing* before the district court, not the investigation, is the classic "official proceeding." *See* Tenn. Code Ann. § 39-11-106(a)(25) (defining an "official proceeding" as including any proceeding before a judicial officer who is authorized "to take statements under oath"); 18 U.S.C. § 1515(a)(1)(A) (defining "official proceeding" as "a proceeding before a judge or court of the United States"). The revocation hearing thus satisfies the statute. The district court did not abuse its discretion in finding that Hill tampered with evidence.

*Armed career criminal status*. Hill says the district court should have reconsidered his status as an armed career criminal at his supervised release hearing (even though he did not raise that argument there). One problem: the proper place to challenge an original sentence is on *collateral* attack, not at a supervised release revocation hearing. Our circuit has made that clear. *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007); *see also United States v. Hall*, 735 F. App'x 188, 191 (6th Cir. 2018) (collecting cases) ("This circuit has consistently held that a defendant may not attempt to invalidate his original conviction at a supervised release revocation hearing." (internal quotation marks omitted)). The proper vehicle for this claim is a motion under 28 U.S.C. § 2255. *Lewis*, 498 F.3d at 395. And Hill brought just such a motion, which the district court denied. *Hill v. United States*, No. 1:16-cv-01161, ECF No. 5 (W.D. Tenn. June 17, 2016) (successive habeas motion); ECF No. 15 (W.D. Tenn. Aug. 16, 2019) (denying motion). Having exhausted the proper channels, Hill cannot now seek out new, improper ones. The claim is not cognizable.

Even if the claim were cognizable, there is no plain error in sight. Hill concedes that he raises this argument for the first time on appeal, so the plain error standard governs. *Olano*, 507 U.S. at 732. And for plain error review, timing is everything. The legal error must be plain under current law "at the time of appellate review." *United States v. Crosgrove*, 637 F.3d 646, 657 (6th Cir. 2011). Under current law, Hill's armed career criminal status is valid since he committed three violent felonies. True, our circuit once held that one of Hill's felonies, Tennessee aggravated burglary, did not count as a violent felony for ACCA purposes. *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc). But the Supreme Court reversed. *United States v. Stitt*, 139 S. Ct. 399, 408 (2018). So the district court properly counted Hill's three burglaries as violent felonies.

We affirm.