

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00070-CR
No. 10-18-00071-CR
No. 10-18-00072-CR

**IAN TOLLIVER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the County Court at Law
Navarro County, Texas
Trial Court Nos. C36848-CR, C37082-CR, and C37349-CR

# OPINION

Ian Tolliver appeals from a conviction for the offense of tampering with physical evidence (No. 10-18-00072-CR) and two revocations of his community supervision (Nos. 10-18-00070-CR & 10-18-00071-CR). In the appeal from the conviction for tampering with evidence, Tolliver complains that the evidence was insufficient and that he was

egregiously harmed by the omission of an instruction on legal impossibility in the jury charge during the guilt-innocence phase of the trial. In the appeals from the revocation of his community supervision, Tolliver complains that the evidence was insufficient to support the orders for him to pay his court-appointed attorney's fees in each of the two proceedings. Because we find that there was no reversible error in the conviction for tampering with physical evidence, we affirm the judgment of conviction in that proceeding. Because we find that the award of attorney's fees was erroneously included in those judgments in part, we modify the judgments to delete the order to pay his court-appointed attorney's fees other than those that were included in the judgments placing him on community supervision but otherwise affirm those judgments.

**TAMPERING WITH PHYSICAL EVIDENCE**

In his first issue, Tolliver complains that the evidence was insufficient for the jury to have found that he tampered with physical evidence because there was no evidence that he put the marihuana in his mouth after a search warrant was procured in accordance with the allegations in the indictment.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the

appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Three elements define the offense of tampering with physical evidence: (1) knowing that an investigation or official proceeding is pending or in progress, (2) a person alters, destroys, or conceals any record, document, or thing, (3) with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2011). These three elements include two different culpable mental states—knowledge and intent. *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007). The statute requires the knowledge of an investigation and the intent to impair a thing's availability as evidence. As defined by the Texas Penal Code, "[a] person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b) (West 2011). In contrast, "[a] person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2011).

Tolliver's indictment specifically alleged the following: "knowing that an investigation was in progress, to-wit: a search, pursuant to a search warrant, [Appellant] intentionally and knowingly conceal[ed] a controlled substance, to wit: marijuana, with intent to impair its availability as evidence in the investigation." Although the statute applies to situations where an investigation is "pending or in progress," the offense alleged in the indictment was limited to Tolliver knowing that an investigation was "in

progress," rather than "pending or in progress," and the language used in the indictment controls our sufficiency review. *See Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("[T]he sufficiency of the evidence will be measured by the element that was actually pleaded . . . ."); *Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.—Eastland 2007, pet. ref'd) (explaining the difference between cases where the indictment alleges that an investigation was "pending" and those cases where the indictment alleges "in progress"). Tolliver argues that because he did not know that a search was being conducted for marihuana pursuant to a warrant prior to him putting the marihuana in his mouth, there was no evidence that he knew that there was an investigation "in progress" for which the marihuana would have been evidence.

Tolliver asserts that the holding in *Pannell v. State* controls in this case. *See Pannell v. State*, 7 S.W.3d 222 (Tex. App.—Dallas 1999, pet. ref'd). In *Pannell*, the court held that the defendant had to "be aware that the thing he altered, destroyed, or concealed was evidence in the investigation as it existed at the time of the alteration, destruction, or concealment." *Pannell*, 7 S.W.3d at 223 (Tex. App.—Dallas 1999, pet. ref'd); *see Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (applying this rule to a case where "the State alleged only that appellant knew that an investigation was 'in progress,'" although rejecting it for cases where the indictment includes a "pending" allegation). The Court of Criminal Appeals has criticized this rule because it adds an additional mental-state requirement, which is not supported by the language of Section

37.09(a)(1) of the Penal Code. *Williams v. State*, 270 S.W.3d 140, 143-44 (Tex. Crim. App. 2008); *see Lemarr v. State*, 487 S.W.3d 324, 329 (Tex. App.—Amarillo 2016, no pet.). Even so, under either *Pannell* or *Lumpkin*, the State adduced sufficient evidence of Tolliver's mental state.

Here, the evidence showed that the investigating officer informed Tolliver that he was being investigated for possession and distribution of marihuana when he and his companion were approached outside of a hotel room from where the officer could smell marihuana. Tolliver and his companion refused a request for consent to search their hotel room in response to a request by law enforcement. Tolliver and his companion were placed in the back of separate patrol cars while law enforcement procured a warrant. Tolliver was aware that the officers were getting a warrant to allow them to search his hotel room and that they were investigating him for drugs. After the warrant was issued, the investigating officer removed Tolliver from the patrol car and informed him that there was a warrant. The officer noticed that Tolliver had something in his mouth. The officer repeatedly asked and ordered Tolliver to spit out the substance, and Tolliver initially refused. Tolliver moved the marihuana around in his mouth to attempt to conceal it when the officer asked him to open his mouth. Tolliver's actions indicated that he knew the officer was investigating him for narcotics when he attempted to conceal the evidence. *See Lewis v. State*, 56 S.W.3d 617, 625-26 (Tex. App.—Texarkana 2001, no pet.) (distinguishing its facts from *Pannell* "because the State showed he refused to spit out the

cocaine or otherwise allow its removal after being ordered to do so"); *Barrow*, 241 S.W.3d at 923-24 (same). Tolliver eventually spit the substance out into the officer's hand. Additionally, because Tolliver knew that he was being detained in order for the investigating officers to procure a warrant to search for marihuana in the room in which Tolliver admitted he was staying, a rational factfinder could have inferred that Tolliver knew he was being investigated for possessing marihuana before he swallowed it. Therefore, the State adduced sufficient evidence to show beyond a reasonable doubt that Tolliver, knowing that an investigation was in progress, tampered with the evidence. We overrule Tolliver's first issue.

## JURY CHARGE ERROR

In his second issue, Tolliver complains that the jury charge in the guilt-innocence phase of the trial was erroneous because it did not include an instruction on legal impossibility. "Legal impossibility has been described as existing where the act if completed would not be a crime, although what the actor intends to accomplish would be a crime." *Lawhorn v. State*, 898 S.W.2d 886, 891 (Tex. Crim. App. 1995). Tolliver argues that his intent to eat the marihuana that was in his immediate possession was immaterial because it was impossible for him to conceal the rest of the marihuana that was in the hotel room, which formed the basis of the investigation. He further contends that his attempt to conceal the small amount of marihuana is immaterial because he would have

been unable to tamper with all of the evidence, that being the marihuana in the hotel room.

We review alleged jury charge error using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). First, we determine whether a charge error occurred. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we evaluate whether the error resulted in harm sufficient for reversal. *Id*.

Tolliver has not set forth any legal authority to support his position that because it was impossible to conceal all of the evidence, his attempt to conceal a portion of the evidence should result in the inclusion of an instruction on legal impossibility in a tampering with evidence prosecution. We do not find that he would be entitled to such an instruction pursuant to the facts of this case. Therefore, we do not find that the jury charge was erroneous and do not need to address harm. We overrule issue two.

**COURT APPOINTED ATTORNEY'S FEES**

In his third and fourth issues, Tolliver complains that the judgments in the revocations of his community supervision were erroneous because they order him to pay court-appointed attorney's fees. The State agrees that the judgments should be modified to delete the requirement to pay attorney's fees.

To the degree that Tolliver's complaint involves the prior judgment requiring the payment of court-appointed attorney's fees, that complaint has been waived because it was not properly preserved by a complaint in a direct appeal from the judgment

originally imposing community supervision. *See Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013). We note that the prior judgment is distinct from the separate requirement that repayment of the attorney's fees in periodic payment was one of the terms and conditions of community supervision. Because the court-appointed attorney's fees were included in Tolliver's judgments placing him on community supervision, Tolliver's failure to appeal from that judgment precludes this complaint. However, there was no evidence introduced at the revocation hearing of a change in Tolliver's indigent status.

Texas Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Tolliver had been found to be indigent and there was no evidence that his status or financial condition had changed. Therefore, the trial court had no authority to assess additional attorney's fees against Tolliver for fees incurred after the judgments placing him on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Cates*, 402 S.W.3d at 252. Accordingly, we sustain Tolliver's third and fourth issues as they pertain to the assessment of new attorney's fees.

**CONCLUSION**

Having found that the evidence was sufficient and the jury charge was not erroneous in Cause No. 10-18-00072-CR, we affirm the judgment of conviction. Having

found that the assessment of court-appointed attorney's fees in Cause Nos. 10-18-00070-CR and 10-18-00071-CR was erroneous as to attorney's fees assessed after the January 30, 2017 judgments placing him on community supervision, we modify the trial court's judgments to delete the imposition of the additional attorney's fees incurred after January 30, 2017. We affirm the judgments as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins[1]
Affirmed; Modified and Affirmed as Modified
Opinion delivered and filed February 20, 2019
Publish
[CR25]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).