**Jerry Don BARROW, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00182–CR.**

Court of Appeals of Texas, Eastland.

Dec. 20, 2007.

Raymond Keith Fivecoat, Fivecoat & Rogers, P.L.L.C., Midland, for appellant.

Teresa J. Clingman, Dist. Atty., Eric Kalenak, Asst. Midland County Dist. Atty's Office, Midland, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

The jury convicted Jerry Don Barrow of tampering with physical evidence and assessed his punishment at five years confinement. In two issues, he contends that the evidence was legally and factually insufficient and that his counsel was ineffective for not requesting a proper jury instruction on illegally obtained evidence. We affirm.

Midland Police Officer Chris Lummus was performing surveillance on King's Sandwich Shop in Midland because of suspected drug activity when he saw two males engaged in apparent drug trafficking. A vehicle approached the shop, and one of the males squeezed between the driver's door and the driver. After what appeared to be a drug transaction, the two went back to the shop and the vehicle drove away. Officer Lummus decided to follow the vehicle. When the driver failed to stop properly at an intersection, Officer Lummus initiated a traffic stop.

Officer Lummus identified the driver as Barrow. When Officer Lummus approached the vehicle, he saw white specks on Barrow's left arm and on his steering wheel. He thought these might be crack cocaine, and he asked Barrow to exit the vehicle. He suspected that Barrow had something in his mouth because he would not open his mouth fully and because of the way in which he spoke. Officer Lummus asked Barrow to open his mouth, which Barrow did momentarily. Officer Lummus observed a white rock-like object that appeared to be crack cocaine. Officer Lummus asked Barrow to spit it out. Barrow initially refused to do so. When Barrow eventually opened his mouth, there

was no foreign object present. Officer Lummus believed Barrow had swallowed the object, and he placed him under arrest.

Barrow filed a pretrial motion to suppress. Barrow contended that he was unlawfully detained and asked the trial court to suppress any evidence obtained in connection with his detention. Barrow's motion was supported by his affidavit in which he stated that he was never presented with a warrant or advised of his rights and that he would have invoked his right to remain silent had he known of his right to do so. The trial court also received an affidavit from Officer Lummus describing his surveillance of the shop and Barrow's arrest. The trial court denied the motion to suppress, and the jury ultimately found Barrow guilty of tampering with physical evidence.

 Barrow complains that his trial counsel was ineffective for failing to request a jury instruction pursuant to Article 38.23.[1] When the trial court determines that evidence was obtained illegally, it must exclude that evidence from the jury's consideration. *Atkinson v. State,* 923 S.W.2d 21, 23 (Tex.Crim.App.1996). However, if there are disputed fact questions concerning the legality of a seizure, Article 38.23 requires the trial court to instruct the jury:

> [I]f [it] believes, or has a reasonable doubt, that the evidence was obtained in violation of ... any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, ... then and

in such event, the jury shall disregard any such evidence so obtained.

*Id.; see Reynolds v. State,* 848 S.W.2d 148 (Tex.Crim.App.1993).

In order to determine whether Barrow's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Barrow must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State,* 813 S.W.2d 503, 508–09 (Tex.Crim.App.1991).

Barrow does not challenge the legality of the traffic stop by point of error.[2] Nor does Barrow identify what evidence the jury would have disregarded had it received an Article 38.23 instruction. Presumably, Barrow believes that a properly instructed jury would have determined that he was illegally stopped and disregarded the State's entire case. However, Barrow has failed to identify a fact question that would have justified an instruction. Officer Lummus testified that he stopped Barrow after observing him commit a traffic violation.[3] Barrow never dis-

---

1. Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

2. Barrow characterizes the traffic stop as illegal and reminds us of his motion to suppress and his objection to Officer Lummus's trial testimony, but he did not assign a point of error to the trial court's denial of his motion

to suppress or its rulings on his evidentiary objections.

3. Tex. Transp. Code Ann. § 544.010(c) (Vernon 1999) requires drivers approaching a stop sign to:

> [S]top before entering the crosswalk on the near side of the intersection. In the ab-

puted Officer Lummus's statement that he failed to properly stop at an intersection.[4] Barrow points to several instances in which trial counsel objected to the legality of the stop, but this is not the same as presenting conflicting evidence. The jury was presented with undisputed evidence that Officer Lummus stopped Barrow after observing him commit a traffic violation.

Because Officer Lummus properly stopped Barrow, the subsequent search was proper. In *Williams v. State*, 726 S.W.2d 99, 100–01 (Tex.Crim.App.1986), the court held that police may conduct a search incident to an arrest following a traffic stop. They may order passengers to exit their car pending completion of the stop, *see Maryland v. Wilson*, 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997), as well as search the person of the individual being arrested. *See McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003). Officer Lummus's observation of the rock-like substance in Barrow's mouth after stopping him for a traffic offense falls within the scope of a valid search incident to an arrest. Barrow has failed to establish that he was entitled to an Article 38.23 instruction; therefore, we cannot conclude that his trial counsel was ineffective for not requesting one. Barrow's second issue is overruled.

 Barrow contends in his first issue that the evidence is legally and factually insufficient to support his conviction.

In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex.Crim.App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim.App.2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10–11 (Tex.Crim.App.2000); *Cain v. State*, 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414–15; *Johnson*, 23 S.W.3d at 10–11.

We review the fact-finder's weighing of the evidence and cannot substitute our judgment for that of the fact-finder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 133. Due deference must be given to the fact-finder's determination, particularly concerning the weight and credibility of

---

sence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway.

4. Barrow stated in his affidavit:

On December 3, 2005, the traffic stop in this matter was conducted without a search warrant. Officer Lummus never indicated that he possessed a warrant to search the

vehicle, such person or to arrest me. He also never advised me of my right to remain silent, have an attorney present during any questioning or to have an attorney appointed if I could not afford one. Had I known my rights, I would have asserted them and chosen to speak with an attorney before providing the police with any information that could or could not have implicated me.

If I had been given an attorney, I would have known not to give any statements. Barrow did not testify during the guilt/innocence phase of the trial.

the evidence. *Johnson*, 23 S.W.3d 1; *Jones v. State*, 944 S.W.2d 642 (Tex.Crim. App.1996). The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX.CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

■ Tampering with physical evidence occurs when:

> (a) A person … knowing that an investigation or official proceeding is pending or in progress, he:
>
> > (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; or
> >
> > (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.

TEX. PENAL CODE ANN. § 37.09(a) (Vernon Supp.2007). Barrow argues that the evidence is insufficient because there was no evidence that he knew he was being investigated for possession of a controlled substance. He concedes knowing that he was being stopped for a traffic offense, but argues that there is a distinction between a traffic stop and a narcotics investigation and contends that the State was required to prove that he was aware of a narcotics investigation before he could be found guilty of tampering by concealing or destroying suspected narcotics.

Barrow relies upon *Lumpkin v. State*, 129 S.W.3d 659 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd). There, the court held that the evidence was insufficient to sustain a conviction for tampering when the defendant swallowed cocaine after being pulled over for speeding. The court noted that Section 37.09(a) provided alternative methods for alleging knowledge of an investigation-either that it be "pending" or "in progress." *Lumpkin*, 129 S.W.3d at 663. To distinguish between them, the court held that "pending" means "about to take place; impending." *Id.* (citing RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1433 (2d ed.2001)). The court noted that the indictment alleged only that an investigation was in progress. Because the only investigation in progress when the defendant swallowed the cocaine was the traffic stop, the court held that the evidence was insufficient. *Id.* The clear import of the court's opinion, however, is that, if the indictment had alleged that the investigation was "pending," then the evidence would have been sufficient.

In this case, Barrow's indictment charged that an investigation was "pending" as well as was "in progress." This means that the State was not required to prove that a narcotics investigation had commenced but could show that one was impending. Officer Lummus's video confirms that he questioned Barrow about the transaction at the shop and that he told Barrow that he believed someone was trying to sell Barrow something. Barrow denied knowing who approached his car at the shop but did admit that this unknown individual tried to sell him dope. This is sufficient to establish that, at a minimum, a narcotics investigation was impending.

Moreover, Barrow swallowed the rock-like substance *after* being questioned about it by Officer Lummus and *after* being instructed to spit it out. Other courts have found similar evidence sufficient to support a tampering conviction. *See, e.g., Lewis v. State*, 56 S.W.3d 617, 625 (Tex.App.-Texar-

kana 2001, no pet.) (affirming tampering conviction based upon evidence that defendant—who was initially stopped for traffic offense—swallowed cocaine after being ordered to spit it out).

Viewing all of the evidence in the light most favorable to the verdict, we find that a rational juror could have concluded beyond a reasonable doubt that Barrow was guilty of tampering. When the evidence is viewed in a neutral light, the jury's verdict is not clearly wrong, manifestly unjust or against the great weight and preponderance of the conflicting evidence. Barrow's first issue is overruled. *Watson*, 204 S.W.3d at 414–15; *Johnson*, 23 S.W.3d at 10–11.

The judgment of the trial court is affirmed.