**Affirmed and Memorandum Opinion filed December 6, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00341-CR

---

### DANIELLE KEITH BURKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1310030**

---

## M E M O R A N D U M   O P I N I O N

Appellant Danielle Keith Burks appeals his conviction for tampering with evidence on the ground that the evidence is insufficient to support a conviction. We affirm.

On June 16, 2011, Officer Greg Clark stopped a vehicle for a traffic violation at an intersection in Houston, Harris County. Officer Clark asked the driver for his identification and proof of insurance and requested identification from the passenger, who was later identified as appellant. Officer Clark noticed that both the driver and

appellant were nervous, evasive of his questions, and failed to make eye contact. Because the area where the vehicle was stopped was well known for narcotics and prostitution, Officer Clark asked the men to step out of the vehicle for further questions.

When the men exited the vehicle, Officer Clark conducted a pat down to search for weapons. After determining the driver and the passenger were not carrying weapons, Officer Clark asked the driver for permission to search the vehicle for "anything illegal." The driver gave him permission, and the search revealed nothing illegal in the vehicle. When he returned to where the driver and appellant were standing at the rear of the vehicle, Officer Clark noticed appellant's "Adam's apple was moving up and down in a very fast manner and his neck was straining as if, like, he was trying to swallow something dry." Officer Clark asked appellant what was in his mouth, but appellant did not answer. When appellant spoke, his words were "unintelligible and garbled." Officer Clark determined appellant had been chewing on something and demanded that appellant spit out whatever was in his mouth. Officer Clark tried to pry open appellant's mouth to determine what he was attempting to swallow. Eventually, appellant spit out a "wad of plastic with some white powder in it." Officer Clark field-tested the substance and it tested positive for cocaine. At trial, a criminalist with the Houston Police Department, confirmed that the powder in the bag was cocaine.

Appellant and his family members caused a disturbance at the time Officer Clark attempted to arrest appellant. After calling for back-up units, Officer Clark arrested appellant and the driver. A back-up officer placed appellant's sister in a patrol car because she was impeding the investigation. On cross-examination, Officer Clark admitted he did not see appellant put the plastic baggie in his mouth. After appellant spit the baggie out, it was on the ground for a minute to a minute and a half as Officer Clark placed appellant in his squad car and back-up officers addressed issues with appellant's family members at the scene. Officer Clark testified that despite the disturbance created by appellant's family members, he observed the baggie during the arrest and it was the same baggie appellant spit out of his mouth.

In a single issue, appellant contends the evidence is insufficient to support appellant's conviction for the offense of tampering with physical evidence as alleged in the indictment. As alleged in the indictment, the elements of tampering with evidence are that appellant (1) concealed the cocaine; (2) with intent to impair its availability as evidence in an investigation; and (3) knowing that an investigation was in progress. *See* Tex. Pen. Code Ann. § 37.09(a)(1).

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.*

Appellant contends the evidence is insufficient to prove he knowingly concealed cocaine with the intent to impair its availability as evidence in an investigation. Appellant challenges the sufficiency of the evidence to show he knew an investigation was in progress. Appellant was indicted for concealing a controlled substance knowing "that an investigation was in progress" as opposed to merely pending. *See* Tex. Penal Code Ann. § 37.09(a).

An investigation for narcotics has been held not to be in progress when the officer approached a vehicle after a traffic stop and observed the driver ingesting a white substance. *See Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—Houston [1st Dist.] 2004, pet ref'd). In *Lumpkin*, the court held that at the time Lumpkin swallowed the narcotics the only investigation in progress was one for a traffic stop. However, in this case, the investigation had proceeded beyond one for a traffic violation at the time

3

appellant attempted to swallow the substance he put in his mouth. Officer Clark had patted down appellant and the driver for weapons and asked permission to search the vehicle for "anything illegal." Officer Clark demanded appellant spit out what was in his mouth and attempted to pry open appellant's mouth to determine what appellant was attempting to swallow. A jury could rationally infer beyond a reasonable doubt that appellant knew he was the subject of an investigation for drug possession at the time he attempted to swallow the evidence. *See Barrow v. State*, 241 S.W.3d 919, 923–24 (Tex. App.—Eastland 2007, pet. ref'd).

Viewing all of the evidence in the light most favorable to the verdict, we find a rational jury could have found the elements of the offense beyond a reasonable doubt. Thus, the evidence was sufficient to convict appellant of tampering with evidence. Appellant's sole issue is overruled, and the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).