

# NUMBER 13-12-00335-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MICHAEL TURNER**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Michael Turner, challenges the sufficiency of the evidence supporting his conviction for tampering with physical evidence, a felony offense. TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2010). We affirm as modified.

I. BACKGROUND

This case arises out of a nighttime incident in which Officer Hobbs of the Corpus Christi Police Department observed appellant walking in the street where there was an available sidewalk. Hobbs testified at trial that he approached appellant and observed appellant remove an object from his pocket and place it into his mouth. Hobbs further testified that appellant mumbled in response to his questions and that his eyes were "bloodshot, glassy, and red." Based on the foregoing, Hobbs suspected that appellant was intoxicated. Hobbs looked in appellant's mouth and testified that he saw a clear plastic baggie with a "white or beige rock-like" substance within it. After two backup officers arrived, Hobbs arrested appellant for public intoxication. Hobbs and Officer Stephen Rubelmann, one of the backup officers, testified that once Hobbs informed appellant that he was under arrest, appellant began making "chewing" gestures that they interpreted as an attempt to swallow the baggie. Hobbs applied a "neck hold" to appellant to prevent him from swallowing, but he believed it was unsuccessful because, after a few seconds, appellant stopped mumbling and spoke clearly. Appellant resisted Hobbs's attempts to handcuff him and was subdued with pepper spray. Thereafter, the State indicted appellant for tampering with physical evidence. He waived a jury trial and was found guilty following a bench trial. The court assessed punishment at two years' imprisonment. This appeal followed.

## II. ANALYSIS

Appellant challenges the sufficiency of the evidence supporting his conviction by arguing that the State did not produce evidence sufficient to prove that he actually possessed narcotics that he destroyed by swallowing.

### A. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from that evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19 (1979)). The trier of fact, in this case the trial court judge, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Garcia*, 367 S.W.3d at 686–87; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The State may prove the elements of an offense by either direct or circumstantial evidence. *Hooper*, 214 S.W.3d at 13. In a legal sufficiency review "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id*. If the record could support conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687.

## B. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the case" applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In this case, the State was required to prove beyond a reasonable doubt that appellant, (1) knowing that an investigation was pending or in progress, (2) altered,

3

destroyed or concealed a document, record or thing, (3) with intent to impair its legibility or availability as evidence in the investigation. TEX. PENAL CODE ANN. § 37.09(a)(1); *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008).

### C. Discussion

Appellant argues that the State did not adduce sufficient evidence to prove that he actually possessed a controlled substance that he destroyed by swallowing. Appellant also reiterates his testimony from the trial court in which he claimed the charges were a "cover up" created by police to justify using pepper spray and physically assaulting him and points out that the State was unable to produce any trace of the controlled substance that he allegedly swallowed.

While appellant is correct that the arresting officers were unable to recover the substance believed to be cocaine, we find that the State has produced sufficient circumstantial evidence from which a reasonable fact finder could have found that appellant possessed cocaine on the night in question and that appellant, knowing that an investigation was in progress, destroyed the cocaine with intent to impair its availability as evidence. Officer Hobbs testified that he observed a baggie made of clear plastic that contained a "white or beige rock-like substance" within appellant's mouth. He further testified that, based on his experience working as a police officer, cocaine was commonly packaged in that exact manner. Officer Rubelmann confirmed both of Hobbs's observations about the baggie in appellant's mouth and that cocaine is routinely packaged in that manner.

Appellant testified that he did not posses any narcotics that night, but it was the role of the trial court to determine how much weight, if any, to give to conflicting testimony, and we may not, as appellant requests, second guess the trial court's

4

determination. *See Garcia*, 367 S.W.3d at 687 (explaining that the fact finder is the "sole judge of witnesses' credibility and the weight to be given testimony") (internal quotation marks omitted). We hold that the evidence is sufficient for a rational finder of fact to have found appellant guilty of the crime of tampering with evidence beyond a reasonable doubt. Our decision is consistent with our own precedent and that of other courts of appeals that have upheld convictions for tampering with evidence on similar facts. *See*, *e.g., Barrow v. State*, 241 S.W.3d 919, 922–23 (Tex. App.—Eastland 2007, pet. ref'd) (affirming tampering conviction where evidence showed appellant swallowed a "rock-like" substance after being questioned about it during a traffic stop and instructed by police to spit it out); *see also McElroy v. State,* No. 13-10-174-CR, 2011 WL 345932, at *2–3 (Tex. App.—Corpus Christi Feb. 3, 2011, no pet.) (mem. op.) (not designated for publication) (affirming tampering conviction on facts very similar to the present case). We overrule appellant's sole issue.

### D. Modification

The State also directs our attention to a clerical error. The judgment of conviction erroneously recites that appellant plead guilty to the charged offense and "true" to the enhancement paragraph. This Court has the power to modify a judgment of the trial court if it has the necessary information to do so. TEX. R. APP. P. 43.2(b); *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd). Because the record clearly reflects that appellant plead not guilty to the charged offense and did not plea to the enhancement paragraph, we modify the judgment accordingly.

5

### III. CONCLUSION

Having overruled appellant's sole issue, we modify the trial court's judgment to reflect that appellant plead not guilty to the charged offense, and that he made no plea to the enhancement paragraph, and affirm as modified.


                            _____
                            NORA L. LONGORIA
                            Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.