

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1316-14

---

### GEORGE ANTHONY THURSTON, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

---

KELLER, P.J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined.

In resolving appellant's claim of insufficient evidence, the court of appeals held that an investigation qualifies as "pending" under the tampering-with-evidence statute if the investigation is "impending." The court held that the investigation in this case was "impending" even though the tampering occurred at least two days before police began investigating.[1] We granted review to address this debatable proposition, but resolving that issue cannot possibly lead to relief on appellant's sufficiency claim because an alternative theory of committing tampering with evidence

---

[1] *See Thurston v. State*, No. 02-13-00242-CR, 2014 Tex. App. LEXIS 7800, *2 (Tex. App.–Fort Worth July 17, 2014) (not designated for publication).

was submitted to the jury, and that alternative theory is supported by sufficient evidence. If appellant had claimed in the court of appeals that the evidence did not support submitting the "pending" theory to the jury, there would at least have been a chance that appellant could obtain a new trial if we agreed with him and harm was established, but he did not complain about the jury charge.

By his own admission at trial, appellant shot and killed the deceased. Appellant claimed that he shot in self-defense, but instead of calling the authorities, he waited a day, wrapped the deceased's body in a sleeping bag and a blue tarp, and dumped the body near some railroad tracks. Appellant was charged with murder and tampering with evidence, and these offenses were prosecuted in a single trial. A jury acquitted him of murder, convicted him of tampering with evidence, and sentenced him, as a repeat offender, to eighty years' confinement.

The indictment for the tampering charge listed two methods of evidence tampering: (1) knowing that an offense (murder) had been committed, appellant altered, destroyed, or concealed a human corpse with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense,[2] and (2) knowing that an investigation or official proceeding was pending or in progress, appellant altered, destroyed, or concealed a human corpse with intent to impair its verity or availability as evidence in said investigation or official proceeding.[3] The jury charge in the tampering case contained both of these theories of liability, and the jury delivered a general verdict with respect to the tampering offense.

Appellant claimed in the court of appeals that he could not be convicted under the State's first theory of tampering because the jury's acquittal of murder meant he could not have known that

---

[2] *See* TEX. PENAL CODE § 37.09(d)(1).

[3] *See id.* § 37.09(a)(1).

a murder had been committed. But the jury's acquittal of murder does not make the evidence in the tampering case insufficient. At most, the acquittal of murder and the conviction on the first theory of tampering would constitute inconsistent verdicts, and due process does not bar inconsistent verdicts.[4]

And even though the jury acquitted appellant of murder, the evidence is sufficient under *Jackson v. Virginia*[5] to support the allegation of murder that is included in the tampering indictment. Appellant admitted that he shot the victim and failed to notify authorities. And although there were no eyewitnesses to the killing to contradict appellant's self-defense claim, his disposal of the body suggests consciousness of guilt.[6]

Appellant makes an interesting argument regarding the State's second theory of tampering. He contends that, even if "pending" means "impending," the court of appeals extended the definition of "pending" beyond anything currently found in Texas jurisprudence. He claims that an investigation is "impending" only if (1) it is about to take place because the crime has occurred in the presence of someone who would investigate it or cause an investigation to begin, or (2) the defendant's action is the sole cause of the immediate commencement of the investigation. The term cannot be stretched, he contends, to an investigation that begins days later. But even if appellant were correct in this construction of "pending," with respect to the State's second theory of evidence

---

[4] *See United States v. Powell*, 469 U.S. 57, 68-69 (1984); *Dunn v. United States*, 284 U.S. 390, 393 (1932).

[5] 443 U.S. 307 (1979).

[6] *See Ex parte Weinstein*, 421 S.W.3d 656, 668 (Tex. Crim. App. 2014) ("Applicant's attempts to conceal Jerry's body and his implausible explanations to police are strong evidence of applicant's consciousness of guilt.").

tampering, he could not ultimately prevail on his sufficiency claim because the State had sufficient evidence to support its first theory of tampering. When alternative methods of committing an offense are submitted to the jury and the jury delivers a general verdict, the verdict is considered to be supported by sufficient evidence as long as sufficient evidence supports one of the submitted grounds.[7] Although the court of appeals did not address the sufficiency of the evidence to support the State's first theory of evidence tampering,[8] the resolution of that question is apparent for the reasons stated above.

Appellant might have had an arguable jury-charge claim. It is error to submit to the jury a basis for criminal liability that is supported by legally insufficient evidence.[9] Such error would have to be evaluated under the appropriate standard for harm, which depends on whether there was an objection at trial.[10] In such a harm analysis, an appellate court could have considered the fact that the jury acquitted appellant of the murder offense.[11] But appellant did not raise a jury-charge claim before the court of appeals, so his argument about the meaning of "pending" relates to no claim upon which he can obtain relief.

For these reasons, I concur in the Court's decision to dismiss appellant's petition as improvidently granted.

---

[7] *Griffin v. United States*, 502 U.S. 46, 49, 59-60 (1991); *Gonzalez v. State*, 8 S.W.3d 640, 641 (Tex. Crim. App. 2000).

[8] *Thurston*, 2014 Tex. App. LEXIS 7800 at *3 n.3.

[9] *Savant v. State*, 544 S.W.2d 408, 408-09 (Tex. Crim. App. 1976).

[10] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[11] *See Schutz v. State*, 63 S.W.3d 442, 446 (Tex. Crim. App. 2001) (acquittal on other charge considered in harm analysis).

Filed: July 1, 2015
Publish