**Opinion filed September 30, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00260-CR

_____

## MICHAEL JOHN ZARATE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR23535**

### M E M O R A N D U M   O P I N I O N

The jury convicted Michael John Zarate of the third-degree felony offense of tampering with evidence and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years.[1]  *See* TEX. PENAL CODE ANN. § 37.09 (West 2016).  In two issues on appeal,

---

[1]In the same trial, the jury also convicted Appellant of the offense of murder.  Appellant's appeal of his murder conviction is the subject of Cause No. 11-17-00259-CR.

Appellant contends that (1) the evidence was legally insufficient to support his conviction and (2) he received ineffective assistance of counsel. We affirm.

*Background Facts*

On November 2, 2014, Appellant's girlfriend, Crystal McConnell, witnessed Appellant shoot their neighbor, Ernesto Gonzales, Jr., in Gonzales's front yard. Immediately afterwards, Appellant got into McConnell's car and ordered her to "[g]o." McConnell drove to a liquor store. Appellant then exited the vehicle with the handgun that he used to shoot Gonzales and walked to a nearby underpass. Appellant returned five to ten minutes later without the handgun. Appellant then instructed McConnell to drive to a convenience store and then to JCPenney's where Appellant purchased a T-shirt. Appellant next told McConnell to drive to Appellant's aunt's house. Before arriving at his aunt's house, Appellant told McConnell to pull over, and he got out of the car. Appellant returned a minute or two later wearing a different shirt similar to the one he had purchased at JCPenney's.

Later, law enforcement found pieces of a dismantled handgun on a wall underneath the underpass by the liquor store where Appellant stopped. This wall was seven or eight feet tall and was accessible only with a ladder. Brownwood Police Officer Brian Tompkins testified that someone could have stood on the ground and thrown the pieces of the handgun up onto the wall. Officer Tompkins further testified that the handgun was consistent with McConnell's description of the gun Appellant used to shoot Gonzales. A forensic scientist determined that two bullets recovered from the scene of the shooting were fired from the recovered handgun.

*Sufficiency of the Evidence*

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction for tampering with evidence under Section 37.09(a)(1) of the Penal Code. This statute provides that "[a] person commits an offense if, knowing

2

that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" Appellant asserts that the State failed to establish that he had knowledge that an investigation for murder "was on-going." We disagree.

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all of the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

With respect to the knowledge element of Section 37.09(a)(1), the statute requires evidence that the actor knew that an investigation or official proceeding is

3

pending or in progress. PENAL 37.09(a)(1); *see Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). Appellant's indictment specifically alleged as follows: "[K]nowing that an investigation or official proceeding was pending or in progress, to-wit: a Murder investigation[.]" Appellant contends that there was no evidence as to his knowledge of a murder investigation when he tampered with the firearm.

"Pending" in the tampering statute means "impending, or about to take place." *Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.—Eastland 2007, pet. ref'd) (applying *Lumpkin*); *see Thurston v. State*, 465 S.W.3d 255, 256 (Tex. Crim. App. 2015) (Keller, P.J., concurring). As applied to the allegation in this case, the knowledge element could be satisfied with evidence that Appellant knew that a murder investigation was impending or about to take place. *Barrow*, 241 S.W.3d at 923.

Appellant shot Gonzales outside of their homes in a neighborhood during daylight hours. In addition to McConnell, at least one other person witnessed the shooting. Appellant immediately left the scene instructing McConnell to drive away with "some urgency." McConnell testified that, while Appellant was underneath the overpass, she could hear sirens coming from the area where the shooting occurred. McConnell stated that she had no doubt that the sirens were in response to the shooting. Based on the evidence offered at trial and reasonable inferences to be drawn therefrom, a rational trier of fact could have found that Appellant had knowledge that a murder investigation was impending or about to take place. We overrule Appellant's first issue.

*Ineffective Assistance of Counsel*

In his second issue, Appellant contends that he received ineffective assistance of counsel at trial. In the span of two pages in his brief, Appellant generally alleges four matters for which he contends his trial counsel was ineffective. He asserts that

4

trial counsel was deficient for not making an opening statement, failing to contest Appellant's guilt during closing argument, calling only one witness whose testimony did not focus on the tampering conviction, and cross-examining only a few witnesses. In response, the State devoted twenty-five pages of its brief to address the manner in which trial counsel represented Appellant at trial.

To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

We first note that Appellant did not file a motion for new trial. Accordingly, trial counsel has not had an opportunity to explain his trial strategy in response to the matters that Appellant contends were deficient. The matters that Appellant contends were deficient are inherently matters that concern trial strategy. For example, the decision to give an opening statement is "entirely discretionary" and "imbued with strategic implications." *Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.); *see Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). In fact, the trial court noted that the absence of an opening statement from Appellant restricted the State's use of evidence at trial. Furthermore, "[c]losing argument is an area where trial strategy is most evident." *Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd) (citing *Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.—Houston [14th Dist.] 1997, no pet.)).

Appellant also contends that trial counsel was ineffective because trial counsel called only one witness whose testimony did not focus on the murder. The failure to call witnesses does not constitute ineffective assistance without a showing that the witnesses were available to testify and that their testimony would have benefited Appellant. *Rodriguez v. State*, 459 S.W.3d 184, 199 (Tex. App.—Amarillo 2015, pet. ref'd). Appellant has not shown which additional witnesses trial counsel could have called, whether those witnesses were available to testify, and what their purported testimony would have been or how it would have benefited Appellant. Thus, we have nothing to review. *See id.* Accordingly, Appellant has failed to demonstrate that trial counsel was ineffective on this basis.

Additionally, Appellant contends that his trial counsel failed to effectively cross-examine the State's witnesses. In order to show that his trial counsel was ineffective on this basis, Appellant must show what questions should have been asked and what the answers would have been. *See Davis v. State*, 119 S.W.3d 359,

370 (Tex. App.—Waco 2003, pet. ref'd). Appellant has not addressed in his brief which witnesses trial counsel should have cross-examined, what questions trial counsel should have asked, and what those witnesses would have testified to had they been asked those questions. Further, the record contains no explanation for why Appellant's trial counsel limited his cross-examination to the questions asked. Therefore, Appellant has failed to demonstrate that trial counsel was ineffective on this basis.

Given the strength of the evidence in this case of Appellant's role in shooting Gonzales and secreting the handgun immediately thereafter, it is plausible that trial counsel concluded the best strategy might be to appear open and honest in hopes of mitigating punishment. *See Flemming*, 949 S.W.2d at 881. In light of these circumstances, an attempt to mitigate punishment could have been a very realistic trial strategy. *See id.* Trial counsel's performance was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. In the absence of an explanation from trial counsel of his trial strategy, we cannot conclude that his performance was deficient. *See id.* We overrule Appellant's second issue.

### This Court's Ruling

We affirm the judgment of the trial court.

September 30, 2019                                JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).        CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.