**Opinion filed February 21, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00052-CR

_____

## BILLY DOYCE BECK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-17-0893-CR**

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted Billy Doyce Beck of tampering with physical evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2016). The trial court assessed his punishment at confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

On April 14, 2017, Odessa Police Officer Roland Heyne received a call regarding two men that were trespassing. As Officer Heyne responded to the call, he saw two men, including Appellant, who matched the description of the suspects. Officer Heyne pulled off the road, activated the overhead lights on his patrol car, and prepared to contact the men. As he drove up to the two suspects, they were standing beside a dumpster. Before Officer Heyne could get out of the police car, Appellant reached into his pocket and appeared to drop something metallic in the dumpster. Officer Heyne immediately detained the two men and searched the dumpster because he suspected that Appellant had "dispos[ed] of something criminal in nature." During his search of the dumpster, Officer Heyne found a crack pipe and three bags of trash. Other than the crack pipe and the bags of trash, there was nothing else in the dumpster.

*Analysis*

In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial and defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763,

767–68 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

As relevant to Appellant's conviction, a person commits the offense of tampering with physical evidence if that person, "knowing that an investigation or official proceeding is pending or in progress, . . . alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." PENAL § 37.09(a)(1).

Appellant first contends that the State failed to prove beyond a reasonable doubt that he was aware that an investigation was impending or in progress. With respect to the knowledge element of Section 37.09(a)(1), the statute requires evidence that the actor knew that an investigation or official proceeding was pending or in progress. *Id.*; *see Williams v. State*, 270 S.W.3d 140, 142–43 (Tex. Crim. App. 2008). In the context of Section 37.09(a), "[a] person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." *Williams*, 270 S.W.3d at 143 (quoting PENAL § 6.03(b) (West 2011)).

"[P]ending" in the tampering statute means "impending, or about to take place." *Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *accord Barrow v. State*, 241 S.W.3d 919, 923 (Tex. App.—Eastland 2007, pet. ref'd) (applying *Lumpkin*, 129 S.W.3d at 663); *see Thurston v. State*, 465 S.W.3d 255, 256–57 (Tex. Crim. App. 2015) (Keller, P.J., concurring). As applied to the allegation in this case, the knowledge element could be satisfied

with evidence that Appellant knew that an investigation by Officer Heyne was impending or in progress because the indictment charged that an investigation was either pending or in progress. *See Barrow*, 241 S.W.3d at 923.

Officer Heyne's testimony and the dashcam footage reflect that Officer Heyne activated the overhead lights on his patrol car and drove straight at Appellant to the point that he was in close proximity to Appellant. Approximately eight seconds elapsed from the time that Officer Heyne activated the lights on his patrol car before Appellant reached inside his pocket and threw the metallic object into the dumpster. Appellant stood facing Officer Heyne's patrol car as it approached Appellant with the overhead lights activated.

Appellant contends that Officer Heyne should have taken additional actions other than turning on the overhead lights in order to put Appellant on notice about an impending investigation. Specifically, Appellant argues that Officer Heyne should have told Appellant that an investigation was pending or in progress, activated his siren in conjunction with the overhead lights, spoken to Appellant through the loudspeaker before exiting his patrol car, or followed Appellant for some time with the overhead lights flashing. We disagree.

Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that Appellant knew that an investigation was either pending or in progress. A police officer's activation of the overhead lights on a patrol car is a show of authority by the police that converts an encounter into a seizure under the Fourth Amendment. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008) (citing 4 Wayne R. LaFave, *Search and Seizure* § 9.4(a), at 433–35 (4th ed. 2004)); *see also Deloach v. State*, No. 03-13-00049-CR, 2015 WL 756759, at *2 (Tex. App.—Austin Feb. 19, 2015, pet. ref'd) (mem. op., not designated for publication); *Gilbert v. State*, 874 S.W.2d 290, 295 (Tex. App.— Houston [1st Dist.] 1994). Even though the actions that Appellant suggests that

4

Officer Heyne should have taken might have made it more apparent to Appellant that an investigation was about to take place, those actions were not required. The overhead lights alone were sufficient to alert Appellant to an impending investigation.

Appellant also contends that the State failed to establish a link between Appellant and the crack pipe that Officer Heyne found in the dumpster. During a legal sufficiency review, "[d]irect and circumstantial evidence are treated equally: 'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

In this case, even though the evidence linking Appellant to the crack pipe is circumstantial, that evidence is sufficient to support the guilty verdict. Officer Heyne testified that he saw something metallic in Appellant's hand as he drove up and that Appellant put that metallic object in the dumpster. Officer Heyne further testified that the dumpster was empty except for three bags of trash and the crack pipe and that the crack pipe was the only loose item found in the dumpster. Officer Heyne also testified that, even though the area where this incident occurred is known for narcotics, the narcotic typically used in the area was methamphetamine, not crack. Based on Officer Heyne's testimony, the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that there was a link between Appellant and the crack pipe found in the dumpster.

Finally, Appellant argues that the evidence was insufficient to support the verdict because Officer Heyne's testimony was not credible due to discrepancies between Officer Heyne's testimony and the dashcam footage. However, the trial court, sitting as the factfinder, had the sole responsibility to determine if Officer Heyne's testimony was credible. *See Winfrey*, 393 S.W.3d at 768; *Brooks*,

323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. To the extent that there were any inconsistencies in Officer Heyne's testimony, it was the trial court's duty to resolve those inconsistencies. *See Clayton*, 235 S.W.3d at 778. Therefore, we presume that the trial court resolved any discrepancies between the dashcam footage and Officer Heyne's testimony in favor of the guilty verdict, and we defer to that determination in reviewing the sufficiency of the evidence. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Based on that standard, Officer Heyne's testimony is evidence that we can consider in our sufficiency review—despite any inconsistencies.

Because there was sufficient evidence to show that Appellant had knowledge of an impending investigation and that there was a link between Appellant and the crack pipe, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

February 21, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.