

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00194-CR

**DANNIE HAYWOOD,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 30399**

## MEMORANDUM OPINION

Appellant, Dannie Haywood, appeals from his convictions for tampering with evidence and possession of a controlled substance. In three issues, Appellant contends the jury charge contained harmful error and the evidence was insufficient to support his convictions for tampering with evidence and possession of a controlled substance. We affirm.

## Jury Charge

In his first issue in his initial brief, Appellant asserts the jury charge on count one, tampering with evidence, contains fundamental error which harmed him. Specifically, he argues that the charge erroneously failed to require a jury determination that an investigation was in progress or that Appellant knew of an investigation.

Count one of the indictment alleged that Appellant did:

> Then and there, knowing that an offense had been committed, namely possession of a controlled substance, intentionally and knowingly destroy a controlled substance, namely Cocaine, with intent to impair its availability as evidence in any subsequent investigation or official proceeding related to the offense . . . .

The jury charge tracked the language in the indictment, which tracked the language of Penal Code Section 37.09(d)(1). *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (A person commits an offense if the person, knowing that an offense has been committed, alters, destroys, or conceals any thing with intent to impair its availability as evidence in any subsequent investigation of or official proceeding related to the offense.). Moreover, Section 37.09(d)(1) does not require the State to prove that an investigation was in progress or that Appellant knew of an investigation. The jury charge does not contain error.

We note that Section 37.09(a)(1) requires the State to prove the defendant knew an investigation or official proceeding was pending or in progress. *See id.* § 37.09(a)(1).

Appellant was not indicted under Section 37.09(a)(1). Therefore, Appellant's argument is misplaced. We overrule Appellant's first issue.

## Sufficiency of the Evidence

In his second issue in his initial brief, Appellant contends the evidence is insufficient to support the jury's finding of guilt on the charge of tampering with evidence. In his sole issue in his supplemental brief, Appellant contends the evidence is insufficient to support his conviction for possession of a controlled substance.

STANDARD OF REVIEW

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony, we defer to those determinations. *Brooks*, 323 S.W.3d at 899. We give deference to the trier of fact's responsibility to fairly resolve conflicts in testimony and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Evidence may be sufficient to sustain the conviction even if the State does not disprove all reasonable alternative hypotheses that are inconsistent with a defendant's guilt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

**Tampering With Evidence**

Appellant was indicted for, and found guilty of, destroying cocaine. A person commits an offense under Section 37.09(d)(1) if the person: (1) knowing that an offense has been committed, (2) alters, destroys, or conceals a thing (3) with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense. TEX. PENAL CODE ANN. § 37.09(d)(1); *Stahmann v. State*, 602 S.W.3d 573, 576 (Tex. Crim. App. 2020).

In his first argument under this issue, Appellant asserts there is no evidence he had any knowledge of an investigation concerning possession of any drug at the time of the alleged destruction. Section 37.09(d)(1), pursuant to which Appellant was indicted, tried, and convicted, does not require the State to prove Appellant had knowledge of an

investigation. Any failure to do so does not impact the sufficiency of the evidence to support the jury's finding of guilt on the charge of tampering with evidence.

Appellant also contends the evidence is insufficient to prove that he destroyed cocaine while in custody. He argues that the arresting officer's testimony that she saw something in his mouth that was consistent with cocaine raised no more than a possibility that he had cocaine in his mouth. He also contends the video evidence controverts the officer's testimony that there was "a white substance, all over" Appellant's mouth.

Officer Ashley Walker was the arresting officer. Appellant was a passenger in a vehicle Officer Walker stopped for a traffic violation and the occupants' failure to wear seat belts. The video of the stop was introduced into evidence. She released the driver and took custody of Appellant.

Officer Walker testified that the tampering with evidence count was based on her observation of Appellant chewing and eating in the back seat of the patrol vehicle. During transport to the jail, Appellant "was moving about real fidgety in the back." When she opened the back door of her patrol car to get Appellant out of the car at the jail, he was leaning over to the passenger side, turned away from her. After Appellant was removed from the vehicle, Officer Walker found a substance in the back of the car that was later confirmed to be cocaine.

Officer Walker explained that Appellant was very hard to understand. Because he was not able to articulate sentences very well, she asked him if he had something in

his mouth. When asked to describe what she saw when Appellant opened his mouth, Officer Walker explained:

> [I]t's just chunky, off white substance, all over the tongue and cheeks in his mouth. It looks like somebody crushed up a rock all over his tongue and his cheeks. It was very similar to the rock that I was able to preserve out of the back seat of the patrol vehicle.

At the time she saw the substance in his mouth, she did not know what he had swallowed. She stated that she had witnessed him chewing and knew he had ingested something. She asked him to open his mouth again and confirmed there is a rock-like substance all over his mouth. She attempted to take a picture, but Appellant did not allow it.

On cross examination, she said she observed the same substance in his mouth as she found in the patrol car. The substance she recovered from the back seat of the patrol vehicle matched what was in his mouth and what he was attempting to destroy.

Video from Officer Walker's body camera shows Appellant exiting the patrol car and walking to the door of the jail. It also shows that Appellant reluctantly and only briefly opened his mouth when instructed. Officer Walker was unable to photograph inside his mouth. Due to the angle of the body camera, the video does not show what Officer Walker was able to see inside Appellant's mouth.

The jury, sole judge of the witness's credibility, was entitled to believe Officer Walker when she testified that Appellant chewed on a white, rock-like substance. *See*

*Brooks*, 323 S.W.3d at 899. The jury may draw reasonable inferences from the fact that a substance conclusively identified as cocaine was found in the back of the patrol car and Officer Walker's testimony that the substance she saw in Appellant's mouth matched what she found in the car. *See Hooper*, 214 S.W.3d at 13. Although circumstantial, the jury could infer that Appellant destroyed cocaine by chewing and ingesting it while in the back of the patrol car. *Id*. Accordingly, the evidence is sufficient to support a conviction for tampering with evidence. *See Isassi*, 330 S.W.3d at 638; *Barrow v. State*, 241 S.W.3d 919, 923-24 (Tex. App.—Eastland 2007, pet. ref'd) (affirming tampering conviction where evidence showed appellant swallowed a "rock-like" substance after being questioned about it during a traffic stop and instructed by police to spit it out). We overrule Appellant's second issue in his initial brief.

### Possession of a Controlled Substance

Appellant was found guilty of possession of less than one gram of cocaine. Appellant contends the State failed to affirmatively link him to the cocaine, which was found in the back of the squad car he rode in.

"Possession" is defined as "actual care, custody, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38). When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.

*Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Presence, or proximity, when combined with other evidence, either direct or circumstantial, may be sufficient to establish that element beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Texas courts have considered the following non-exclusive factors in determining whether a defendant is sufficiently linked to the contraband to establish knowing possession:

> (1) The defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated consciousness of guilt.

*Id*. at 162 n.12. The number of links or factors is not dispositive. *Id*. at 162. Rather, we look to the logical force of all of the evidence. *Id*.

Officer Walker testified that, after stopping the vehicle in which Appellant was a passenger, she placed the driver in the back of her squad car. Officer Walker explained that, on scene at the initial stop, Appellant was not "able to articulate his sentences very well," and she thought he may have something in his mouth. She later removed the driver from her vehicle and released him. She then checked the back of her vehicle, found

nothing, and placed Appellant in the back of her vehicle. She transported him to the jail. On the way to the jail, Appellant "was moving about real fidgety in the back." He moved "in a furtive way." When she opened the door to get him out, he was leaning over toward the passenger side, facing the passenger side. After he exited the vehicle, Officer Walker searched the back of the vehicle where Appellant was leaning over. In that area, she found in plain view a small piece of what later proved to be crack cocaine. Officer Walker observed Appellant chewing and saw a white, rock-like substance. The cocaine she saw in her vehicle was consistent with what she observed in Appellant's mouth. When Officer Walker tried to take a picture of Appellant's tongue he closed his mouth. Officer Walker testified that there was nothing in the back of her vehicle that Appellant could have put in his mouth.

Based on our review of the evidence, we conclude that several of the factors establish a connection between Appellant and the cocaine. Officer Walker explained that Appellant was not able to articulate well, and she thought he may have something in his mouth. Before Appellant was placed in the vehicle, there was no cocaine visible in the vehicle. No one else was in the vehicle between the time Officer Walker checked it and when Appellant was placed in it. While he was in the vehicle, Appellant was in close proximity to the area where the cocaine was found, and he made furtive gestures during the drive to the jail. At the time of the search, Appellant had just been removed from the vehicle. The jury could have reasonably inferred that Appellant dropped the cocaine in

the back of the patrol car. *See Hooper*, 214 S.W.3d at 13. Further, Appellant's failure to cooperate when asked to open his mouth could be interpreted as a consciousness of guilt. The combined and cumulative effect of all the incriminating circumstances point to Appellant's guilt. *See Evans*, 202 S.W.3d at 162. Viewing the evidence in the light most favorable to the jury's verdict, we conclude the evidence is legally sufficient to support the jury's finding that Appellant was guilty of possession of cocaine. *See Isassi*, 330 S.W.3d at 638. We overrule Appellant's sole issue in his supplemental brief.

## Conclusion

Having overruled Appellant's issues, we affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
(Chief Justice Gray concurs)
Affirmed
Opinion delivered and filed September 19, 2024
Do not publish
[CR25]

